UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL GIBBS, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 1:21-CV-18 SRW |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Commissioner Kilolo Kijakazi's Motion to Reverse and Remand this case for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 22.  The Court has jurisdiction over the subject matter of this action under § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff has not filed a response, and the time for doing so has passed.

On February 3, 2021, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. ECF No. 1. The Commissioner filed his answer and the transcript of the administrative proceedings on July 21, 2021. ECF Nos. 13, 14. Plaintiff filed a brief in support of the complaint

---

[1] At the time this case was filed, Andrew M. Saul was the Commissioner of Social Security. Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Kilolo Kijakazi for Andrew M. Saul in this matter.

1

on August 20, 2021. ECF No. 17. Plaintiff argues the ALJ erred "by failing to support his finding at step five of the evaluation process because despite an apparent conflict between the DOT [Dictionary of Occupational Titles] and the VE [vocational expert] testimony, neither the ALJ nor the VE identified or provided an explanation for the conflict." *Id.* at 2.

On November 18, 2021, the Commissioner filed the instant Motion to Reverse and Remand this case for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in his motion that upon review of the record, remand is necessary for further evaluation of Plaintiff's claim, to resolve any apparent conflicts before relying on the vocational expert testimony in accordance with SSR 00-4p, to complete the administrative record, and issue a new decision. ECF No. 22, at 1. The Commissioner asserts "the necessity for remand was not discovered until the case reached Defendant's legal counsel for briefing." *Id.*

Upon review of Plaintiff's brief in support of her complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees with the Commissioner that this case should be reversed and remanded pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand [ECF No. 22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Kilolo Kijakazi for Andrew M. Saul in the court record of this case.

So Ordered this 21st day of December, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE