# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-CV-18 SRW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Michael Gibbs's Application for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and Motion for Bill of Costs. ECF Nos. 25, 26. On December 21, 2021, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Four Thousand and Forty-Four Dollars and Eighty Cents ($4,044.80). This amount is based on one hour of attorney work at $208.00 per hour in 2020, and 17.60 hours of attorney work at $218.00 per hour in 2021 and 2022. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff requests that the award of attorney's fees be made payable to Parmele Law Firm based upon Plaintiff's Assignment of EAJA Fee agreement signed by Plaintiff. *See* ECF No. 25-3. Plaintiff also seeks reimbursement for the $402.00 filing fee.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney's fees under the EAJA in the amount of $4,044.80 to be paid by the Social Security Administration. ECF No. 27. However, the Commissioner asserts "the EAJA fee is payable to

Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id*. The Commissioner is silent as to Plaintiff's request for compensation of the $402.00 filing fee.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated December 21, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 23, 24. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 25 at 3-4, 25-5 at 2-3. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds he is entitled to attorney's fees in the amount of Four Thousand and Forty-Four Dollars and Eighty Cents ($4,044.80). Despite Plaintiff's request for the Court to make the fee payable directly to Parmele Law Firm, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)).

Plaintiff also seeks reimbursement of the filing fee in the amount of $402.00. A judgment for costs, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency thereof in any court having jurisdiction of such action. 28 U.S.C. § 2412(a)(1). "A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." *Id.* Based on the foregoing, the Court will award Plaintiff costs in the amount of $402.00 for reimbursement of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Michael Gibbs's Application for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 25] is **GRANTED**.

3

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Four Thousand and Forty-Four Dollars and Eighty Cents ($4,044.80).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Michael Gibbs, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at The Parmele Law Firm, P.C., 1505 E. Bradford Parkway, Springfield, Missouri 65804.

**IT IS FURTHER ORDERED** that Plaintiff Michael Gibbs's Motion for Bill of Costs [ECF No. 26] is **GRANTED,** and costs in the amount of $402.00 shall be remitted to Plaintiff to be paid from the Judgment Fund administered by the United States Treasury.

So Ordered this 21st day of March, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE